JESSE TURNER V. THE STATE.

No. 19020.    Delivered June 9, 1937.

The opinion states the case.

*H. P. Shead,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Driving an automobile upon the public highway while intoxicated is the offense; penalty assessed at confinement in the county jail for thirty days.

R. D. Crump, an automobile salesman residing at Marshall, Texas, was traveling on the Longview road. As he was going up a hill, some one hit his car from behind. When Crump reached the top of the hill the appellant passed him in an automobile. Crump hollered to the appellant to stop, which he did. Crump then asked appellant what he meant by running into him. Appellant got out of his car, commenced cursing Crump and caught hold of him. Crump said: "Turner, I didn't know you were drunk or I wouldn't have stopped." He told appellant he did not want to have any trouble with him. Appellant reached over and jerked the keys out of Crump's car, then got in his own car and started to drive off. Crump got out of his car and jumped on the side of the appellant's car. Appellant tried to throw him off. Just before the appellant hit a highway sign, Crump jumped off and appellant ran his car into the ditch. Appellant began cursing Crump and a fight between them ensued. After the fight appellant jumped in his car and started off. Crump again jumped on the side of the appellant's car. Appellant drove some 300 or 400 yards and swerved his car as if he were going to hit a Chevrolet coupe which was parked along the side of the road. He drove about 200 yards further and ran into a truck loaded with gravel. During all of the time he was with the appellant, Crump had an opportunity to observe his actions and conduct and to smell his breath. Crump was positive in his statement that the appellant was drunk and that he was operating an automobile upon the public highway while in an intoxicated condition.

Seay, a police officer of the city of Marshall, accompanied a deputy sheriff to the place where there had been a collision between an automobile and a truck. The witness saw the appellant and observed his conduct and actions and stated that the appellant was drunk.

Munden, the deputy sheriff, testified that he observed the appellant who appeared to be drunk at the time.

Hall, an attorney residing in the city of Marshall, was traveling on the public road in company with Joe Brown. They were stopped by Crump. Hall heard the appellant curse Crump and witnessed the fight between them. He also smelled the odor of liquor upon the breath of the appellant.

Brown, an eye-witness to the fight between appellant and

Crump, testified that from his acts and conduct the appellant appeared to be drunk.

Appellant testified that he was a salesman for the Electrolux Company, whose headquarters were in Longview. On the 17th of August, 1936, he went from Longview to Marshall in a 1931 model Chevrolet Two-door Sedan. About 3:00 or 4:00 o'clock in the afternoon the appellant drank a bottle of beer in Longview. He purchased two cans of beer which he drank on the road towards Marshall. He said he could not feel the effect of the beer which he drank. While going up Hall's hill, the appellant ran into the car in front of him which stopped rather suddenly. Crump got out of his car and demanded that appellant pay him $5.00 for the damage to the bumpers of his car. This appellant refused to do. After an argument the appellant got in his car and started to town. Crump jumped on the running board on the right-hand side of the appellant's car. Appellant said that Crump was trying to turn off the switch of his car or trying to get his car keys. He then ran close to a curb sign and Crump jumped off to keep the car from dragging him off. Appellant said that when he got out of his car, Crump came around from behind it and said: "You and that G— d— daddy of yours." Appellant caught Crump by his necktie and told him to shut up. A fight ensued which lasted about a minute. Appellant then got in his car and started to town. Crump jumped on the running board and was again trying to get the car keys. While fighting with Crump over the car keys, appellant ran into a truck, causing him to suffer a broken rib and the loss of a tooth. After the collision appellant was taken to a hospital for treatment. Appellant denied that he was drunk.

Dr. J. E. Hill testified that he treated the appellant at the Texas & Pacific Hospital. The doctor described the wounds on the appellant at the time. He also stated that he did not think the appellant was drunk. On cross-examination the doctor stated that he did smell some intoxicating liquor and that there was an alcohol smell about the appellant.

Appellant introduced several witnesses who testified to the effect that he was not drunk, thus presenting a controverted issue of fact for the solution by the jury. The appellant testified that he drank a bottle and two cans of beer in the afternoon before his car collided with that of Crump. The State's witnesses were positive in their statements that the appellant was drunk and had the odor of liquor upon his breath.

Owing to the nature of the case the testimony has been set

out in some detail. It is deemed quite sufficient to support the verdict of the jury.

No error having been presented justifying a reversal of the conviction, the judgment of the trial court is affirmed.

*Affirmed.*